## No. 889

### BURTON COAL CO. v. GORMAN COAL CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6925. Decided March 15, 1926

**17. ACCORD AND SATISFACTION—** Where check is sent endorsed "In full settlement of an account to date" and payee notifies drawer of refusal to accept check in accordance with indorsement, but will credit same to account of drawer, and drawer does not protest that action, he cannot thereafter plead accord and satisfaction.

SULLIVAN, J.

It appears from the evidence presented in this case, that the J. P. Burton Coal Co. on June 11, 1924, after certain negotiations as to settlement of an account, sent a check to the John P. Gorman Coal Co. and endorsed thereon "In full settlement of our account to date". At this time a much larger amount than the amount of the check was claimed by the payee thereof.

Gorman, immediately upon receipt of check, notified the Burton Coal Co. that the check would not be accepted in full settlement, but would be applied on their account, and pursuant to this notice, before deposit, endorsed thereon "Accepted as only partial settlement of account."

The Burton Coal Co. did not request return of check after such notice, nor did it stop payment at the bank on which same was drawn.

After refusal of the Burton Coal Co. to pay the balance of the account the Gorman Co. brought this action in Cleveland Municipal Court. The Burton Co. sets up as their defense that acceptance and deposit of check amounted to a complete accord and satisfaction. Trial court rendering judgment for Gorman Co., the Burton Co. prosecuted error. The Court of Appeals held:

1. The payee of the check, having notified drawer of refusal to accept in accordance with endorsement thereon, clearly shows no intention to accept as accord and satisfaction.

2. After receipt of notice by drawer that check would be deposited not as complete payment in full, but only to his account it was the obvious duty of such drawer to protest against such action.

3. Having made no protest to the threatened action of payee, it amounted to a practual acquiescence thereof.

Judgment therefore affirmed.

Attorneys—Treadyway and Marlatt for Burton Coal Co.; M. B. and H. H. Johnson for Gorman Coal Co.; all of Cleveland.

---

## No. 840

### KOVACS v. ARMSTRONG et

Ohio Appeals, 6th Dist., Lucas Co.

No. 1706. Decided June 28, 1926

**673. JOURNAL ENTRIES—**Injunction will lie to restrain enforcement of judgment when the judgment entry recites that plaintiff is entitled to recover from "defendant" and there are two defendants in the case.

RICHARDS, J.

This action was instituted in the Lucas Common Pleas by Margaret Kovacs for the purpose of enjoining Thomas Armstrong et al., from proceeding with the sale of her property under an execution; and to quiet her property against the lien of the judgment.

The judgment claimed, was rendered in a case in which John and Margaret Kovacs were defendants. The first journal entry recites that defendants were in default and the allegations of the petition confessed by "him" to be true and that plaintiff was entitled to recover his damages from said "defendant", the jury to assess the damages. The next journal entry contains the verdict which recites that the jury found "against both defendants", plaintiff's damages being assessed at $2500.

On appeal it was claimed by Kovacs that the court did not have jurisdiction of her person, and that the court did not in fact render a judgment against her. The Court of Appeals on appeal held:

1. By a reading of the journal entries it is disclosed that the only judgment which was rendered was rendered against the "defendant" in a case in which there were two defendants.

2. It is therefore impossible to ascertain against whom the judgment was rendered.

3. As the record now reads it cannot be held to amount to the rendition of a judgment against Margaret Kovacs.

4. Plaintiff is entitled to an injunction restraining enforcement of the judgment against her property as long as the judgment entries read as they now do.

Decree for Kovacs.

Attorneys—Harry Levison and Stahl & Price for Kovacs; F. J. Szumigala, F. A. Carabin and C. J. Christenson for Armstrong et; all of Toledo.